cat / div 550/1983/WPB

Case # _____

Judge _____ Mag White

Motn Ifp yes Fee pd $ no

Receipt # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

NOV 12 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

JULIEN GARCON

J.G, minor

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

## 10-81471-CV Dimitrouleas/White

Case No: _____

(To be supplied by the Clerk of this Court)

Larry J. Reavis, individual capacity

James Mathew, individual capacity

Dave Weeks, individaul capacity

Joseph Van Reeth Jr., individual capacity

Richard Birch, individual capacity

Mike Fererra, individual capacity

Jane Doe, individual capacity

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

___x___   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

___x___   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

___x___   **OTHER** (cite statute, if known) 42 U.S.C 1985

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.   **Plaintiff(s):**

    A.   Name: Julien Garcon

    B.   List all aliases:

    C.   Prisoner identification number: 72742-004

    D.   Place of present confinement: FCI Williamsburg

    E.   Address: P.O. BOX 340, Salters, SC 29590

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: Larry J. Reavis

        Title: DEA Supervisor

        Place of Employment: FBI or DEA

    B.   Defendant: James Mathew

        Title: Special agent

        Place of Employment: FBI or DEA

    C.   Defendant: Dave Weeks

        Title: FBI agent

        Place of Employment: FBI or DEA

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: Garcon v. Landers case no. 09-80772-CIV-Marra

B.   Approximate date of filing lawsuit: June 9, 2009

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: Julien Garcon

D.   List all defendants: Kelley Landers

F.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District of Florida

F.   Name of judge to whom case was assigned: Marra/White

G.   Basic claim made: Breach of contract, Fraud

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismiss

I.   Approximate date of disposition: July 24th 2009

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

1. On March 22, 2007 plaintiff Garcon exited his residence at 9:00 a.m at 4660 portifino way, West Palm Beach, Florida.

2. Plaintiff Garcon was taking a trash bag full of garbage to the trash disposal.

3. While walking towards the garbage disposal plaintiff Garcon was apprehended by defendants Reavis, Mathew, Weeks, Van Reeth Jr., Birch, and Fererra pursuant to an arrest warrant.

4. Defendant Mathew asked plaintiff Garcon who's in the apartment and may him and his colleagues search his residence.

5. Plaintiff Garcon informed Reavis, Mathew, Weeks, Van Reeth Jr., Birch and Ferrerra they may not search their residence.

6. Plaintiff Garcon was search by defendants Weeks and Fererra.

7. Defendants remove from plaintiff Garcon his belt, earring, car keys, and $450 from his person.

8. Defendant Van Reeth Jr. Stated to Plaintiff Garcon what a man like him doing with a nice car like that and may they

4

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

Award compensatory damages in the amount of $20,000,000
jointly or to be determine by a jury. Award $20,000,000
for punitive damages  jointly or to be determine by a jury.
Award $34,976.08 in damages for the loss of the Audi.
Award $20,000 for loss of use and depreciation of both
vehicles. Award $20,000,000 jointly for plaintiffs emotional

**VI.    The plaintiff demands that the case be tried by a jury.**    [X] YES    [ ] NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___5___ day of __Nov__ , 20 _10_


_____
(Signature of plaintiff or plaintiffs)

_Julien Garcon_
(Print name)

_72742-004_
(I.D. Number)
_FCI Williamsburg_

_P.O. BOX 340_

_Salters, SC 29590_
(Address)

6

ADDITIONAL RELIEF REQUESTED ATTACHMENT

distress.

Issue declaratory judgment pursuant to 28 U.S.C 2201 that the actions of defendants violated the constitutional rights of plaintiffs.

Issue an order permanently removing defendants, Reavis, Mathew, Birch, Van Reeth Jr., Fererra, Weeks and Jane Doe from government employment or State employment consonant with 18 U.S.C 1905 which provides in part... and shall be removed from office or employment.

Award plaintiffs attorney fees.

Award plaintiffs cost of this suit.

Such other relief as this court deems just proper and equitable.

7

## ADDITIONAL PLAINTIFF ATTACHMENT

A. Name: J.G, minor ,plaintiff minor daughter

B. aliases: No aliases

C. citizen

D.  Address: P.O. BOX 223551, W.P.B, FL 33422

8

ADDITIONAL DEFENDANTS ATTACHMENT

D.   Defendant: Joseph Van Reeth Jr.

Title: police officer

Place of Employment: West Palm Beach Police Department

E.   Defendant: Richard Birch

Title: police officer

Place of Employment: West Palm Beach Police Department

F.   Defendant: Mike Fererra

Title: Police officer

Place of Employment: West Palm Beach Police Department

G.   Defendant: Jane Doe

Title: Police officer

Place of Employment: West Palm Beach Police Department

9

## ADDITIONAL LAWSUITS ATTACHMENT

A. Name of case and docket number: Garcon v. Van Reeth Jr., Birch, West Palm Bch Police Dept. 10-020236XXXXMB

B. Date file lawsuit: August 9, 2010

C. list all plaintiffs: Julien Garcon

D. List all defendants: Joseph Albert Van Reeth Jr., Richard Birch, West Palm Beach Police Department

E. Court filed: Fifteenth Judicial Circuit for Palm Beach County State of Florida

F. Name of judge to whom case was assigned: Division AJ

G. Basic claim made: Denial of due process, failed to provide notice of forfeiture

H. Disposition of case: Still pending

I. Date of disposition: N/A

10

<u>STATEMENT OF CLAIM CONTINUE</u>

automatically shut.

18. Before the door shut completely defendants weeks and Fererra stuck their foot inside the apartment to keep the door from closing so they can watch Ms. Ghent get dress.

19. As soon as Ms. Ghent was robed, defendant weeks and Fererra took upon themselves uninvited without probable cause or warrant entered their residence.

20. Ms. Ghent asked defendants weeks and Fererra do they have a warrant to be inside her residence, if they don't they need to leave.

21. Defendants Weeks and Fererra stated they don't have to leave but they was going to get a search warrant.

22. Defendants Weeks and Fererra perform a search of each room and closet inside the residence without probable cause or warrant acting under color of state.

23. Ms. Ghent and plaintiff minor daughter J.G was held captive or falsely imprison in their own residence without access to freely leave or to enter another room without being escorted by defendant Weeks and Fererra. Ms. Ghent was conscious and aware of the imprisonment.

24. While Ms. Ghent and minor J.G was being held captive by defendants Weeks and Ferrerra.

25. Defendants Reavis, Mathew, Van Reeeth Jr., Birch used plaintiff Garcon house keys to enter the garage without probable cause or warrant to conduct a a search and seizure.

11

26. In the garage was plaintiff mother Cadillac Escalade which was in possession of Mr. Garcon was search and seized by defendants without probable cause or warrant.

27. Defendant Reavis, Mathew, Van Reeth Jr., Birch search the Cadillac Escalade without probable cause or warrant acting under color of State.

28. Defendant officer Jane Doe arrived and was instructed by her colleagues to keep Ms. Ghent and Minor J.G imprison in her residence approximately 11:00 a.m.

29. Defendants Weeks and Birch left the residence and joined Defendants REavis, Mathew, Van Reeth Jr. to search the garage without probable cause or warrant acting under color of state.

30. Defendants Reavis, Mathew ordered the Cadillac Escalade seized without probable cause or warrant acting under color of State to deprived plaintiff Garcon of his property in violation of his fourth Amendment rights.

31. 3:00 p.m due to the fact defendants could not obtain a search warrant Ms. Ghent and Minor J.G was force to leave out of their residence.

32. Ms. Ghent lock the door behind her while she was escorted to her car.

33. Defendants Van Reeth Jr., Birch, Weeks search Ms. Ghent Mercedi without probable cause or a search warrant acting under color of state willfully to violate her fourth Amendment rights.

12

34. 6:00 p.m Ms. Ghent return to her residence she discovered defendants Reavis, Mathew, Van Reeth Jr., Birch, Weeks, Jane Doe , Fererra was inside her residence and that defendants used plaintiff Garcon house keys to re-enter the residence to conduct a full blown search of the residence without a search warrant or probable cause.

35. Defendants Reavis, Mathew, Van Reeth Jr., Birch, Weeks, Fererra, Jane Doe search plaintiffs residence without probable cause or warrant and seized plaintiff property acting under color of State.

36. Defendants seized $3500 U.S currency, cameras, pictures, documents in the coarse of the illegal search without probable cause or warrant.

37. Defendants Reavis, Mathew, Van Reeth Jr., Weeks, Birch, Fererra, and officer Jane Doe failed to intercede in behalf of plaintiffs constitutional rights being violated.

38. Defendant Mathew  subsequently obtain a search warrant on March 22, 2007 at 6:44 p.m by fax by misrepresenting facts to magistrate Judge Anne E. Vitunac.

39. March 22, 2007 7:10 p.m magistrate Judge issued a search warrant to search plaintiffs residence at 4660 Portifino Way, building 18 Apt 201 garage A, West Palm Beach, Florida.

40. Plaintiff Garcon was not afforded due process of law when defendants knew he was being held in federal custody when they failed to send him notice of the seizure to his place of incarceration for the seizure of his automobile.

13

41. Magistrate Judge Vitunac  recommended to the District Judge to declared both searches and seizures upon plaintiffs vehicles and residence unconstitutional without a warrant or probable cause in violation of plaintiffs fourth Amendment rights.

42. Claim 1:     UNLAWFUL SEARCH OF THE AUDI
     Defendants Mathew, Birch, Van Reeth Jr., Fererra, Weeks, Jane Doe violated plaintiff Garcon Fourth Amendment right acting under color of state unlawfully search his vehicle without a warrant or probable cause acted with malice to violate clearly establish constitutional laws federal and State laws.

43. Claim 2: SEIZURE OF THE AUDI AND IT'S CONTENTS
     Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra violated plaintiff's Fourth Amendment right acting under color of State unlawfully seized his vehicle, Driver licence, social security card and handcuff without probable cause or warrant acted with malice to violate clearly establish constitutional rights.

44. Claim 3: UNLAWFUL SEARCH OF THE CADILLAC ESCALADE(inside garage)
     Defendant Mathew, Birch, Van Reeth Jr., Fererra, Weeks violated plaintiffs Fourth  Amendment right acting under color of state unlawfully search his vehicle inside the garage without probable cause or search warrant acted with malice to violate clearly establish constitutuonal rights.

14

45: Claim 4: UNLAWFUL SEIZURE OF THE CADILLAC ESCALADE

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra,Weeks, Jane Doe violated plaintiff Fourth Amendment right acting under color of State unlawful seized their vehicle  inside the garage without probable cause or search warrant acted with malice to violate clearly establish constitutional rights.

46: Claim 5: UNLAWFUL SEARCH OF THE MERCEDES BENZ

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra,Weeks Jane Doe violated plaintiffs Fourth Amendment right acting under color of State unlawfully search their vehicle without probable cause or warrant acted with malice to violate clearly establish constitutional rights.

47: Claim 6: UNLAWFUL ENTRY AND SEARCH OF THE RESIDENCE

Defendant Reavis, Mathew, Birch, Van Reeth Jr., Fererra,Weeks Jane Doe violated plaintiffs Fourth Amendment right acting under color of state unlawful entered and search their residence and garage without probable cause or warrant acted with malice to violate clearly establish constitutional rights federal and State laws.

48: Claim 7: UNLAWFUL SEIZURE OF PROPERTY

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra, Weeks, Jane Doe violated plaintiffs Fourth Amendment right acting under color of State unlawful seized plaintiffs currency, cameras, personal paper without probable cause or warrant acted with malice to violate clearly establish constitutional laws, federal

15

laws and State laws.

49: Claim 8: FALSE IMPRISONMENT

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra, Weeks, Jane Doe violated plaintiffs Fourth Amendment right acting under color of State falsely imprison Ms. Ghent and minor J.G from 10:15 a.m - 3:00 p.m without probable cause or warrant acted with malice to violate clearly establish constitutional laws, federal laws, and State laws. Plaintiffs was conscious of the confinement and did not consent to the confinement and the confinement was not privileged.

50: Claim 9: FAILURE TO INTERCEDE

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra, Weeks, Jane Doe had an affirmative duty to intercede on behalf of plaintiffs constitutional rights that were being violated in their presence of each other. Failure of defendants to act must have been proximate cause of plaintiffs injury of loss of vehicles, invasion of privacy, false impriosonment, unlawful search and seizure and negligent infliction of emotional distress.

51: Claim 10: CONSPIRACY AGAINST RIGHTS OF CITIZEN (42 U.S.C 1985)

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra, Weeks, Jane Doe violated plaintiffs Fourth Amendment rights acting under color of State to conspire with eachother to deprive plaintiffs of their property and privileges guaranteed by the

16

United States Constitution without probable cause or warrant
acted with malice to violate clearly establish laws.


52: Claim 11: DENIAL OF DUE PROCESS

Defendants Reavis, Mathew, Birch, Van Reeth Jr., Fererra,
Weeks, Jane Doe acting under color of State with malice seized
plaintiff vehicle without probable cause or warrant without
due process,  failed to provide him notice of the seizure when
they knew plaintiff Garcon was being held incarcerated in
federal custody violate his Fourth and Fifth Amendment rights
to the United States Constitution.


53: Claim 12: FAILURE TO ADEQUATELY TO SUPERVISE

Defendant REavis DEA supervisor failed to adequately supervise
their subordinates where the supervisor was put on notice that
they would seized plaintiff automobile and it's effects without
probable cause with malice to deprive plaintiffs of their
property and unlawful search plaintiffs residence. Defendant
Reavis DEA supervisor acting under color of State gave a yes
to search and seized plaintiffs properties and to violated their
constitutional rights. Defendant Reavis DEA supervisor directed
the subordinates to act unlawfully or knew that the subordinates
would act unlawfully and failed to stop them resulted in deliberate
indifference to plaintiffs constitutional rights being violated.


17

54: Claim 13: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendants actions have cause plaintiffs severe emotional distress such as anxiety, humiliation, loss of enjoyment of life, loss of reputation, physical impairment of the brain ( can't function physically without inti depresssant medication) Pshchological trauma has caused stomach pains and constant flashbacks from the incident and loss of sleep.

18

Julan   Garcon # 72747 004
FCI Williamsburg
Po Box 340
Salters, SC 27590