```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-81471-CIV-DIMITROULEAS
                              MAGISTRATE P. A. WHITE
```

JULIEN GARCON,                    :

      Plaintiff,             :

v.                                :           REPORT OF
                                                        MAGISTRATE JUDGE

LARRY REAVIS, et al.,             :

      Defendants.            :
_____

### I.   Introduction

The pro-se plaintiff Julien Garcon, filed a civil rights complaint pursuant to Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 US 388 (1971), and 42 U.S.C.§ 1983, while confined in the Federal Correctional Institution in Salters, South Carolina. Garcon is permitted to proceed in forma pauperis.

    A.   Analysis

        As amended, 28 U.S.C. §1915 reads in pertinent part as follows:
        Sec. 1915 Proceedings in Forma Pauperis

                *   *   *

        (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

                *   *   *

        (B) the action or appeal –

                \*   \*   \*

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief from a defendant who is immune from such relief.

    This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions. See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

Claims raised:

1 & 2. Unlawful search and seizure of his Audi automobile.

3 & 4. Unlawful search and seizure of the Cadillac Escalade inside his garage,

5. Unlawful search of his Mercedes

6. Unlawful search of his residence

7. Unlawful seizure of his currency, cameras, and personal papers without probable cause

8. False imprisonment of Ms. Ghent and minor

9. Failure to intercede on his behalf by officers

10. Conspiracy of officers to violate his rights

11. Denial of due process when seizing vehicle without probable cause

12. Failure of DEA Supervisor Reavis to adequately supervise and train employees.

13. Infliction of emotional distress.

Facts

The plaintiff[2] was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922 (g)(1) and sentenced

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] The plaintiff attempts to add his minor daughter as a plaintiff. He has no standing to file a §1983 on her behalf.

to 120 months imprisonment in criminal case no. 07-80051-Cr-Hurley. His conviction was affirmed on Appeal, US v Garcon, 349 Fed. Appx 377 (11 Cir. 2009). The plaintiff has a pending §2255 motion in this Court, Case No. 10-21882-Civ-Hurley.

He claims that Defendants DEA Supervisor Reavis, and FBI agents Mathew, Weeks, along with West Palm Beach Police Officers Van Reeth, Jr., Birch, Fererra and Jane Doe violated his Fourth Amendment rights in an unlawful search and seizure.

He alleges that on March 22, 2007, officers Reavis, Mathew, Weeks, Van Reeth, Birch and Fererra apprehended him at his residence at 4660 Portifino Way in West Palm Beach, Florida, pursuant to an arrest warrant. He was searched by Weeks and Fererra and property was removed. His residence was then searched without a warrant or probable cause, incident to his arrest. Reavis, Mathew, Van Reeth and Birch used his house keys to enter his garage without probable cause or a warrant to conduct a search, later joined by Weeks. His Cadillac Escalade was seized. Office Jane Doe arrived and was instructed to keep Ms. Ghent, his girlfriend and his minor daughter in the residence. Ms. Ghent's residence and car were also searched without probable cause in violation of her rights. He alleges $3500.00 in currency, cameras, pictures and documents were also unlawfully seized. Later in the day a search warrant was obtained for 4660 Portifino Way.

History

The plaintiff filed a motion to suppress evidence derived from two search warrants, alleging lack of probable cause and illegal search and seizure. He sought to suppress all evidence seized from the apartment at 5213, West Palm Beach, on December 12, 2005, and

5

all evidence seized on March 22, 2007 from the apartment at 4660 Portofino Way, West Palm Beach and from the Audi in the garage.

Following evidentiary hearings, a Report was entered by Magistrate Judge Vitunic, recommending that the motion be granted in part and denied in part. The Report was adopted. The motion to suppress evidence resulting from a search of Apartment 5213 from a search warrant issued by Judge Lubitz on December 12, 2005 was denied. The motion to suppress the search of the Audi on March 22, 2007, was granted and evidence seized as a result of the illegal search, including 9 mm ammunition, could not be used by the Government to justify a subsequent search of the Portofino Way residence. (CR DE#121 & 131)

Analysis and Law

The Fourth Amendment to the Constitution protects people and their houses, papers and effects from "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause" <u>Baranski v Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms</u> (6th Cir. 2005). *427 .

Ordinarily, claims of unlawful search and seizure are barred by <u>Heck and Preiser.</u> Claims that challenge aspects of the plaintiff's criminal proceedings are not cognizable in a civil rights case. A habeas corpus action (or motion to vacate) is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). These claims may not be brought in a civil rights case unless and until they are overturned. In this case, the plaintiff's conviction was affirmed on Appeal, and he has a pending motion to vacate pursuant to 28 U.S.C. §2255 in this Court. His conviction has not been expunged or overturned.

However, Heck requires dismissal of a lawsuit that would necessarily imply the invalidity of the plaintiff's sentence or outstanding criminal judgement. A widely accepted exception to the Heck bar is when the plaintiff's claims do not challenge his criminal conviction. See: Baranski supra.; Tagliamonte v Wang, 2006 WL 680990 \*4 (D N.J. 2006)(Claim of unlawful search and seizure may continue if the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgement against the plaintiff).

In this case, the motion to suppress evidence as a result of the search of the Audi and the apartment at Portofino Way was granted before trial, and the evidence was therefore not introduced at trial. These claims would not affect the plaintiff's current conviction and sentence, and may proceed. The defendants shall be served by separate order, with the exception of defendant Jane Doe. Other than obeying an order to see that two individuals remained in the residence while the search continued, there are no sufficient allegations against this defendant. All other claims related to illegal searches and seizures should be dismissed.

Conspiracy

The plaintiff alleges the defendants were involved in a conspiracy to violate his civil rights. He has failed to raise a cognizable constitutional conspiracy claim against the named defendants.  The Supreme Court has recognized that a conspiracy to violate constitutional rights states a claim in a federal civil rights action. Dennis v. Sparks, 449 U.S. 24, 29 (1980); Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). However, to establish a prima facie case of conspiracy to violate an inmate's constitutional rights, a plaintiff must demonstrate the defendants 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy."' Bailey v. Board of County Commissioners, 956 F.2d 1112, 1122 (11 Cir.) (quoting Bendiburg v. Dempsey, 909 F.2d 463, 468 (11 Cir.), cert. denied, 500 U.S. 932 (1991)), cert. denied, 506 U.S. 832 (1992). Further, a complaint raising only conclusory, vague, general allegations of conspiracy may be dismissed. Fullman v. Graddick, 739 F.2d 553, 556-57 (11 Cir. 1984)("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed.").

The plaintiff has failed to state a claim for relief with regard to his allegation of a conspiracy among the above-named defendants, because he fails to sufficiently allege the existence of an agreement or mutual understanding among these individuals, and because his complaint is only conclusory and unsupported by specific factual allegations to show the existence of any conspiracy. Twombly, supra.

Standing

The plaintiff has no standing to attempt to claim damages on behalf of Ms. Ghent and his minor daughter. <u>Franklin v Borough of Carteret Police Department</u>, 210 WL 4746740 (D N.J. 2010). All claims related to these defendants shall be dismissed.

The plaintiff's mother's Cadillac and a Mercedes Benz were not the subject of the motion to suppress, and it is unclear what evidence was obtained from those automobiles. In any case, since no motion to suppress was granted as to that evidence, the claim would be barred by <u>Heck</u>.

Property Claims

The plaintiff seeks to recover $3500.00 in currency, his cameras, personal paper and the Audi. He seeks damages stemming from the loss of the Audi and for the loss of use and depreciation of his vehicles.

The plaintiff filed a Motion for Return of Property in his criminal case, pursuant to <u>Fed.R.Crim.P.</u> 41(g), which was denied. He sought return of $48,865.00 in currency, identification documents and loose photographs, and an Audi vehicle. The government filed a response, stating the currency had been forfeited, the Audi was quick released to Capital One Auto Finance which held a lien on the vehicle, and the other evidentiary items needed to remain with the government until the resolution of the pending §2255 proceedings. The denial was affirmed by the Eleventh Circuit Court of Appeals. (CR DE#226).

He also claims he was not given notice of the forfeiture, and

filed a case in the state courts on August 9, 2010, which remains pending as to that issue, Garcon v Van Reeth, Jr. Et al, Case No. 10-020236XXXXMB.

The plaintiff's claims have been denied by the District Court and affirmed by the Appellate Court. The plaintiff has failed to state a claim for return of property and damages as a result of the forfeiture in this civil rights complaint.

Conclusion

It is therefore recommended as follows:

1.   This claim shall proceed against defendants Reavis, Mathew, Weeks, Van Reeth, Birch and Fererra for unlawful search of residence and the Audi located at Portofino Way.

2.   Any other claims related to search and seizure, not granted in the motion to suppress, and challenging the plaintiff's conviction are barred by Heck, and dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

3.   All claims for return of property are dismissed for failure to state a claim.

4.   Officer Jane Doe is dismissed for failure to state a claim against her.

5.   All claims raised on behalf of the plaintiff's daughter and girlfriend are dismissed for lack of standing, and failure to state a claim.

6.   The claim of conspiracy is dismissed for failure to state a claim.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 25th February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Julien Garcon, Pro Se
      FCI Williamsburg CI
      Address of Record